## SHAW *vs.* WALLACE.

1. If an Inferior Court refer a question, purely legal, to the determination of a jury, it is error.

2. But, where it appeared that one agreed to perform services, for a stated time which he did within seven days, and the court left it to the jury to determine, whether the loss of the seven days was a failure to perform: and the bill of exceptions did not shew, but that other proof was made; or other facts were involved in the question so left to the jury; the appellate court refused to reverse.

This was an action in Dallas Circuit court, by Wallace, to recover, on an agreement in writing, by which the plaintiff in error, and two other persons, agreed to pay Wallace one hundred dollars, for teaching school for six months. The evidence was, that Wallace had performed the time, with the exception of seven days. The bill of exceptions showed, that the court charged, that the contract was entire : and left it to the jury to determine, whether the loss of the seven days, was a failure to fulfil the agreement. Verdict for the plaintiff.

SAFFOLD, J.—The plaintiff in error, and two other persons, agreed with Wallace, that each of the three former would pay to the latter, one-third of one hundred dollars, to teach school for them, six months: and, to this effect, they signed articles. Suit being brought to recover the amount against Shaw, it was proven, on the trial, that Wallace taught the whole time, except seven days. Of the cause of the failure to complete the time, no explanation is given.

Under these circumstances, the court charged the jury, that, the contract being entire, the then plaintiff was bound to prove a substantial performance, on his

part—" The defendant's counsel prayed the court to charge the jury, that, if they believed, the plaintiff had lost seven days, or failed to teach that number of days, he could not recover. This instruction the court did not give; but told the jury, it was left to them to determine, whether the loss of seven days was a failure to fulfil the contract, substantially.

The jury having found for the then plaintiff, Shaw sued out this writ of error, and assigns for causes—

The refusal of the court to give the charge requested, and the giving the instructions, contained in the latter branch of the charge, as stated.

In support of the assignment, it is argued, that the court submitted a question of law to the jury, and that, to do so is erroneous.

The principle of law is admitted, that if the court refer a question, which is purely of a legal character, to the determination of the jury, it is error.

We also admit the authority of the case cited of *Ellis* vs. *Hamblin*,[a] that if a builder undertakes a work of specified dimensions and materials, and deviates from the specification, he cannot recover upon a *quantum valebant*, for the work, labor and materials. In such case, the defendant may well say, he will not pay for a description of work that he never contracted for—perhaps, may not have wanted; and, by no means, at the customary price.

In the case of *Wright* vs. *Turner*,[b] this court recognised the principle, that where the plaintiff had agreed to serve the defendant three months, at ten dollars a month, the contract was entire, and if the former abandoned the service, before the expirarion of the time, he could not recover, even for the time he had served.

[a] 3 Taunt. Rep. 52.

[b] 1 Stew. 29

But do the principles of the decisions referred to, embrace and determine the question before us.

We have already seen, that the record discloses no cause, or pretence why the full term of service was not completed. From the nature of the engagement, it is highly probable, that this could ha re been shewn, and that, in fact, it was, on the trial below, but the circumstances are not stated in the bill of exceptions, nor does it state that no other proof was introduced. If, under the general terms of the contract, to teach "for six months," the teacher insisted on a vacation of one week, and Shaw, knowing this, made no objection, until after the school had terminated; or, if the two other patrons, considered the right to the vacation implied, from the circumstances, and consented to it; or, if the failure was caused from affliction, among the pupils, from inclement weather, or any other strongly palliating circumstance, justice would entitle the teacher to his compensation, and the law would not forbid it.— If the failure to fulfil the term, was attributable alone to a wanton violation of duty—yet, as the deficiency was comparatively so small, it is only to preserve the inviolability of contracts, and because of the impossibility of limiting innovations upon them, that the law is so rigid as to demand a forfeiture of the contract.

Then, as the cause or motive of this failure, is deemed material—as it does not appear, and, under all the proof, may have involved contested facts or inferences, proper for the determination of the jury, I think there was no error in the instructions. After charging the jury, that the contract being entire, the plaintiff was bound to prove a substantial performance on his part, the court might well submit the

question to them, whether the loss of the seven days was a failure to fulfil, substantially, the terms of his contract. We think there was no error, and the judgment must be affirmed.